J-A22006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| K.E.S. A/K/A K.E.K. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| M.A.K. | |
| | No. 363 MDA 2014 |

Appeal from the Order January 31, 2014
In the Court of Common Pleas of York County
Civil Division at No(s): 2008-FC-001930-03

BEFORE:  PANELLA, J., SHOGAN, J., and FITZGERALD[*], J.

JUDGMENT ORDER BY PANELLA, J.          **FILED OCTOBER 10, 2014**

K.E.S., a/k/a K.E.K. (Mother), appeals from the order of the Court of Common Pleas of Erie County, entered January 31, 2014.  That order affirmed the trial court's order of June 24, 2013, that granted M.A.K. (Father) primary physical custody of the parties' two children, K.K. and M.K. (Children), and permitted them to relocate to Florida to reside with Father.

The current stage of this litigation began when Mother appealed from the trial court's order of June 24, 2013, that granted Father primary custody of the Children and permitted Father to relocate the Children to Florida, where he already resided.  In response to Mother's appeal, this Court found

_____

[*] Retired Justice specially assigned to the Superior Court.

that the trial court had properly analyzed the sixteen statutory custody factors, 23 Pa.C.S.A. § 5328(a), but had neglected to analyze the relocation factors pursuant to § 5337(h). In a memorandum filed January 22, 2014, at 1309 MDA 2013, this Court vacated the trial court's order and remanded with instructions to consider the relocation factors.

Upon remand, the trial court reassigned the case to a judge of the trial court who had not heard testimony in the case. That judge considered the relocation factors by reference to the trial court record and—without conducting a new hearing—found that the relocation factors favored Father and issued the January 31, 2014 order that granted the Children permission to relocate to Florida with Father.

We remand this matter, once again, with instructions to hold a hearing on the issue of relocation for two reasons. First, it is not at all clear to this Court that the testimony elicited in the previous hearing is sufficient to support the trial court's order of January 31, 2014. Second, the trial court judge who issued that order was not able to assess the credibility of the testimony that was available because he had not had the opportunity to observe the witnesses.

Accordingly, we vacate the trial court's order of January 31, 2014, and remand with instructions to conduct a hearing on the question of the relocation of the Children pursuant to 23 Pa.C.S.A. § 5337(h)(1)-(10).

J-A22006-14

- 3 -

Order vacated. Case remanded for proceedings consistent with this judgment order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2014